```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
CHIKEZIE OTTAH,                                                         :
                                                                        :
                                    Plaintiff,                          :    19 Civ. 8289 (PAE) (RWL)
                    -v-                                                 :
                                                                        :               ORDER
NATIONAL GRID,                                                          :
                                                                        :
                                    Defendant.                          :
                                                                        :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

Before the Court is *pro se* plaintiff Chikezie Ottah's motion for an extension of time to file a notice of appeal. Dkt. 45. For the reasons that follow, the motion is denied.

## BACKGROUND

On April 27, 2020, the Hon. Robert W. Lehrburger, United States Magistrate Judge, issued a Report and Recommendation resolving defendant National Grid's motion to dismiss Ottah's complaint. Dkt. 38 ("Report"). Judge Lehrburger recommended that the Court grant National Grid's motion in full and dismiss this case for failure to state a claim. *Id.* The Report explicitly stated that "the parties shall have fourteen (14) days"—until May 11, 2020—"to file written objections to this Report and Recommendation" and that "failure to file timely objections will preclude appellate review." *Id.* at 29–30.

On May 19, 2020, no objections having been filed, the Court reviewed the Report and, finding no clear error, adopted the Report in its entirety. Dkt. 39. The Court mailed a copy of the decision to Ottah. On May 20, 2020, the Clerk of Court issued a judgment in this case. Dkt. 40 ("Judgment"). On May 21, 2020, a copy of the Judgment and notice of plaintiff's appeal rights was mailed to Ottah's address of record.

On June 3, 2020, the Court received a letter from Ottah. Dkt. 41. While the letter had been emailed to the District's temporary pro-se filings email inbox on May 31, 2020, *id.* at 1, the letter was dated both "5/27/20" and "5/26/20," *id.* at 2. The letter was styled "A Motion For the Court to Reject the report and recommendation By Hon. Judge Robert Lehrburger." *Id.* at 1. The Court construed the letter as objections to the Report and, finding it untimely, "decline[d] to reconsider its adoption of the Report." Dkt. 44. On June 11, a copy of the Court's order was mailed to Ottah's address of record.

On June 25, 2020, Ottah filed a motion for extension of time to file a notice of appeal, Dkt. 45 ("Motion"), and a notice of appeal of the Court's adoption of the Report, Dkt. 46. On June 29, 2020, National Grid opposed the motion. Dkt. 47.

## DISCUSSION

Rule 4 of the Federal Rules of Appellate Procedure ("FRAP") provides that, in a civil case, "the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." FRAP R. 4(a)(1)(A). A "district court may extend the time to file a notice of appeal" in two circumstances: if a party moves for an extension within the 30 day window, *id.* R. 4(a)(5)(A)(i), or "regardless of whether [the] motion is filed before . . . the 30 days . . . expires, [if the] party shows excusable neglect or good cause," *id.* R. 4(a)(5)(A)(ii).

At the outset, the Court is unable to conclude that, even accounting for a measure of delay due to the *pro se* nature of Ottah's filing, Ottah's motion was filed within 30 days of the May 20, 2020 Judgment in this case. While Ottah's motion is signed and dated May 4, 2020, *see* Motion at 1, this is far from dispositive. In fact, other aspects of Ottah's motion are impossible to reconcile with that date. To begin with, every one of the exhibits attached to Ottah's filing that has or refers to a date is dated after May 4th. This includes the Court's May 19th decision

2

adopting the Report, *see* Motion at 2–3, and a screenshot purporting to represent a cell phone call from Ottah to the Court's *pro se* office on May 22, 2020, *see* Motion at 4, 6.  Most tellingly, the very form that Ottah signed and dated "5/4/20" is *itself* date-stamped May 20th, as it is a page from the Judgment issued on the Court's electronic docket that was mailed to Ottah, *see* Dkt. 40-1.  *See* Motion at 1.  Ottah's decision to backdate his signature by at least 16 days calls into question all other representations he makes about the dates that he received or sent documents to the Court.  It also makes clear that he received the Judgment and attendant notice of appeal rights, which clearly instructs litigants that "[y]ou must file your notice of appeal in this Court within 30 days after the judgment or order that you wish to appeal is entered on the Court's docket." *Id.*  And other than the clearly inaccurate signature date on the motion form, Ottah makes no argument, and provides no basis, for the Court to find that his motion was filed within 30 days of the entry of Judgment in this case.

Because Ottah's Motion states "I need 3 weeks to see if Judge Paul A. Engelmayer approves my notice to reconsider 5/30/20," the Court next considers if the deadline for Ottah to file a notice of appeal was tolled.  FRAP Rule 4(a)(4)(A) provides that if a party files one of six enumerated post-trial motions,[1] "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." *Id.*  Of these, the only possibly relevant post-trial motion is a motion for relief from a judgment pursuant to Rule 60(b).  It is true that Ottah's belated objections were filed within 28 days of the Court's adoption of the Report.

---

[1] These are: a motion "(i) for judgment under Rule 50(b); (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment; (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58; (iv) to alter or amend the judgment under Rule 59; (v) for a new trial under Rule 59; or (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." FRAP R. 4(a)(4)(A) (citing the Federal Rules of Civil Procedure).

However, Ottah's letter did not ask for, and gave no basis for the Court to grant, relief under Rule 60(b). Ottah did not claim "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud on the Court, or argue that the judgment is void or otherwise invalid. *See* Rule 60(b). Instead, Ottah's letter consisted, inescapably, of his belated objections to the Report. Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006), Ottah's letter did not seek relief under Rule 60(b). The Court therefore concludes that the time for him to file an appeal was not tolled. *See* FRAP R. 4(a)(4)(A).

Finally, the Court considers whether Ottah has shown "excusable neglect or good cause" for missing the deadline to file a notice of appeal or move for an extension of time to do so. *See* FRAP R. 4(a)(5)(A)(ii). The Court finds that he has not. Liberally construed, Ottah's Motion suggests that he did not timely receive a copy of the Report, and therefore was delayed in filing his objections to it. It does not follow, however, that his failure to timely appeal the Court's adoption of that report was excusable. Nor does Ottah demonstrate good cause for his decision to wait to file a notice of appeal while the Court resolved his untimely objections to the Report, which in any event were ruled on by the Court on June 8, 2020. The Court therefore concludes that Ottah has failed to show excusable neglect or good cause for his failure to timely move for an extension of time to appeal.

## CONCLUSION

For the foregoing reasons, the Court denies Ottah's motion for an extension of time to file his notice of appeal. Ottah's notice of appeal, Dkt. 46, is therefore untimely. The Clerk of Court is respectfully directed to terminate the motion pending at docket 45 and to mail a copy of this decision to plaintiff.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: June 30, 2020
       New York, New York